UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KERZICH and TIMOTHY WERTZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TUOLUMNE,<br><br>Defendant. | No. 1:16-cv-01116-DAD-SAB<br><br>ORDER GRANTING STIPULATION FOR CONDITIONAL CERTIFICATION AND APPROVAL OF CLASS NOTICE<br><br>(Doc. No. 37) |

Plaintiffs Mark Kerzich and Timothy Wertz are employees of defendant County of Tuolumne ("County"). (Doc. No. 1 ¶ 1.) In accordance with County policy, plaintiffs and those similarly situated elected to receive monetary compensation in lieu of some or all of certain County-sponsored health and cafeteria-based benefits. (*See id.* ¶¶ 14, 15, 18, 19.) Plaintiffs allege that, for the three years prior to the commencement of this action, the County failed to include these in-lieu payments in its calculation of plaintiffs' regular rate of pay, resulting in an underpayment of overtime compensation. (*Id.* ¶¶ 18, 19.) Plaintiffs further allege that defendant's failure to fully compensate them and others similarly situated constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). *See Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits

/////

1

"must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA).

Now before the court is the parties' stipulation for conditional certification of a collective action and for approval of class notice pursuant to the Fair Labor Standards Act. (Doc. No. 37.) Therein, the parties agree that this FLSA collective action should be conditionally certified on behalf of "all persons employed by the County as a non-exempt employee who worked some overtime between July 28, 2013 and the date of the Court's order approving this Stipulation." (*Id.* at 3.) In addition, the parties submit a proposed notice to potential plaintiffs outlining the nature of the collective action and steps by which similarly situated individuals may take to participate in this lawsuit. (*See* Doc. No. 37-1.)

Pursuant to the FLSA, an employee may file a civil action, on behalf of himself and other employees similarly situated, against an employer that fails to adhere to federal minimum wage and overtime law. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ___, 133 S. Ct. 1523, 1527 (2013). Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, similarly situated employees can join an FLSA collective action only if they opt-in by giving written consent to be joined. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated," and this court finds no binding Ninth Circuit or Supreme Court authority interpreting that term. Accordingly, district courts in this circuit have used a two-step approach to decide whether potential FLSA plaintiffs are similarly situated. *See, e.g.*, *Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644 L KSC, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-AWI-MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014); *Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467–68 (N.D. Cal. 2004); *Wynn v. National Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). In the first step, district courts may conditionally certify the proposed class based on consideration of the parties' pleadings and affidavits. *Leuthold*, 224 F.R.D. at 467. This determination is made under a "lenient standard"—requiring a preliminary determination that notice is appropriate and that "the

putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 133 S. Ct. at 1530 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989)). District courts have the authority to facilitate notice to potential plaintiffs and may set a deadline for plaintiffs to opt in. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann-La Roche*, 493 U.S. at 169). In the second step, after class members have opted in and discovery has taken place, the party opposing class certification may seek to decertify the class. *Leuthold*, 224 F.R.D. at 467.

Based on the parties' pleadings and stipulation, the court is satisfied that conditional certification of the collective action is warranted. In addition, the court finds that good cause exists to approve the proposed notice of collective action, and that the parties have proposed a reasonable deadline for potential plaintiffs to opt in to the case.

Accordingly,

1. The parties' stipulation for conditional certification of a collective action and for approval of class notice (Doc. No. 37) is granted;
2. The court conditionally certifies this FLSA collective action for a class comprising all persons employed by the County as a non-exempt employee who worked some overtime between July 28, 2013 and the date of entry of this order;
3. The court approves the proposed class notice (Doc. No. 37-1); and
4. The parties are ordered to prepare and distribute the class notice to potential plaintiffs in a manner consistent with the parties' stipulation.

IT IS SO ORDERED.

Dated:   **March 24, 2017**

UNITED STATES DISTRICT JUDGE