UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KERZICH and TIMOTHY WERTZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TUOLUMNE,<br><br>Defendant. | No. 1:16-cv-01116-DAD-SAB<br><br>ORDER DIRECTING FURTHER BRIEFING |

On February 2, 2018, plaintiffs filed a motion for approval of a settlement under the Fair Labor Standards Act ("FLSA"), requesting that the settlement be approved, the matter be dismissed with prejudice, and that attorneys' fees be awarded in the manner agreed to by the parties. (Doc. No. 58.) The court heard argument on the motion on March 6, 2018. During the hearing on this matter, plaintiffs requested that they be allowed to supplement their motion, in response to court's questions posed at the hearing.[1] Defendant did not object to this request, and

---

[1] Settlement of collective action claims under the FLSA requires court approval. *See Jones v. Agilysys*, Inc., No. C 12–03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014). The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, district courts in this circuit have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue*

1

the court therefore grants plaintiffs **28 days** from the date of service of this order to file and serve a supplemental memorandum in support of its motion for approval addressing the following questions as well as any other matters that may aid the court in resolution of the pending motion:

1. At Docket Number 58-4, plaintiffs provided what appear to be calculations concerning the value of their various claims and which were relied upon in reaching the settlement.
    a. Who generated this document and performed the calculations set forth therein?
    b. Do the numbers in columns three and four of the sheet at Docket Number 58-4 depict the maximum value of any unpaid overtime wages for the class member indicated?
    c. Do the numbers in column three and four of the sheet at Docket Number 58-4 include any liquidated damages which might have been available, or do they simply reflect the unpaid wages?
    d. Were the figures in columns three and four of the sheet at Docket Number 58-4 calculated using a two-year or three-year statute of limitations?
    e. Why was the cash-in-lieu claim discounted by 25 percent, as appears to be reflected in column six of the document?
2. The motion for approval of the settlement indicates that $25,000 of the settlement amount will be allocated to officers who were underpaid overtime wages because payment enhancements for their service as canine officers were not included in their base rate of pay (referred to by the parties as the "canine claim"). A declaration supplied by plaintiff's counsel explains that the damages for this class were "calculated by paying a half-hour at

---

*Zhou,* 2007 WL 2298046, at *1. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk,* 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.* Once it is established that there is a bona fide dispute, courts often apply the Rule 23 factors for assessing proposed class action settlements when evaluating the fairness of an FLSA settlement, while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013).

| | |
|---|---|
| 1 | the overtime rate for each day in each pay period in which the employee performed |
| 2 | canine-related duties and received canine pay, during the two years prior to January 8, |
| 3 | 2017, when canine pay began to be included by the County in the base rate of pay." (Doc. |
| 4 | No. 58-2 at ¶ 19.) |

    a. Why were the damages for the canine claim calculated in this manner?

    b. Do the figures included at Docket Number 58-5 reflect the full amount of damages calculated for the canine claim, using the above metric?

3. The settlement agreement calls for the award of $150,000 in attorneys' fees and costs, as well as an additional 20% of the settlement amount allocated to the plaintiffs' damages.

    a. The settlement agreement indicates that $195,000 of the settlement will be allocated to the *Flores* claim and that amount will be reduced by 20% due to the additional attorneys' fees. (Doc. No. 58-3 at ¶¶ 1(a)–(b).) Twenty percent of $195,000 is $39,000. The settlement agreement also indicates that $25,000 of the settlement will be allocated to the canine claim. (*Id.*) Twenty percent of $25,000 is $5,000. Combining these two, it would seem that plaintiffs' counsel seeks an additional award of $44,000 in attorneys' fees from the allocated damages under the settlement agreement. However, other documents provided by counsel indicate they may be seeking $45,000 in additional attorneys' fees to be awarded from the allocated as damages. (*See* Doc. No. 58-4 at 1) (indicating the "Actual Awarded Damages" for the *Flores* claim equal $155,000). Please clarify which amount of additional attorneys' fees is sought.

    b. The total amount of attorneys' fees plaintiffs' counsel seeks in this matter is $195,000, which includes $150,000 designated as attorneys' fees and costs by the settlement agreement, plus approximately 20% of the allocated for damages under the settlement agreement. (Doc. No. 58 at 20) (indicating the "cumulative total" is $195,000). A $195,000 award of attorneys' fees from a $375,000 settlement would mean that 52% of the total settlement fund will be paid out as attorneys' fees. Explain why such an award of attorneys' fees is reasonable, and why the

settlement here remains fair and reasonable despite the high percentage of the total settlement to be awarded as attorneys' fees.

4. The motion for attorneys' fees indicates that $2,500 is sought as incentive payments to be awarded to each of the named plaintiffs in this action. (Doc. No. 58 at 16.) However, no explanation regarding why incentive payments should be awarded in this case has been provided to the court. For instance, no declarations have been submitted from the named plaintiffs explaining what actions they took in forwarding this litigation have been submitted. Incentive payments such as those sought here are discretionary and must be supported by evidence. *See, e.g.*, *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164,1181 (S.D. Cal. 2016) (noting incentive payments are discretionary); *see also Goodwin v. Winn Mgmt. Grp. LLC*, No. 1:15-cv-000606-DAD-EPG, 2017 WL 3173006, at *12 (E.D. Cal. July 26, 2017); *Khanna v. Intercon Sec. Sys., Inc.*, No. 2:09-cv-2214-KJM-EFB, 2014 WL 1379861, at *10–11 (E.D. Cal. Apr. 8, 2014). Please provide evidence in support of and an explanation as to why $2,500 incentive payments are warranted for each of the named plaintiffs in this action.

IT IS SO ORDERED.

Dated: **March 6, 2018**

UNITED STATES DISTRICT JUDGE